IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CEDRIC DEON WASHINGTON, | § | |
| Reg. No. 43639-279, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-17-CV-273-DCG |
| | § | |
| SCOTT WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Cedric Deon Washington seeks relief from his sentence through a *pro se* "Petition for Writ of Habeas Corpus Under to 28 U.S.C. § 2241" (ECF No. 3). Washington, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] explains the United States District Court for the District of South Carolina enhanced his sentence based on "a prior Texas State conviction for mere possession of less than one gram of cocaine."[2] He argues the "conviction is indivisible and unavailable for enhancement."[3] He asks the Court to reverse the conviction and remand his case back to the South Carolina District Court for resentencing.[4] After reviewing the record and for reasons discussed below, the Court will, on its own motion, dismiss Washington's petition pursuant to 28 U.S.C. § 2243.[5]

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial jurisdiction of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] Pet'r's Pet. 4, ECF No. 3.

[3] *Id.*

[4] *Id.* at 9.

[5] *See* 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus

## BACKGROUND AND PROCEDURAL HISTORY

According to court records in case number 2:09-CR-800-PMD-4 in the United States District Court for the District of South Carolina, on July 14, 2009, a grand jury returned a two-count indictment against Washington. Count one charged him with conspiracy to distribute cocaine. Count two charged him with knowingly using firearms in the furtherance of a drug trafficking crime. With the indictment, the Government filed notice it would seek an enhanced punishment based upon Washington's prior conviction in Harris County, Texas, for possession of less than one gram of cocaine, in violation of Texas Health & Safety Code § 481.115(b).[6]

Washington subsequently pleaded guilty to count one of a second superseding indictment charging him with conspiracy to distribute five kilograms or more of cocaine, and the South Carolina District Court dismissed the remaining counts against him. Because Washington had the "prior conviction for a felony drug offense" in Texas, the Court sentenced him under 21 U.S.C. § 841 to the mandatory minimum sentence of two hundred and forty months' imprisonment.[7]

---

shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[6] *See* Tex. Health & Safety Code Ann. § 481.115 (West) ("(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice. (b) An offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram.").

[7] *See* 21 U.S.C. § 841 (2012) ("(a) Unlawful acts ... it shall be unlawful for any person knowingly or intentionally-- (1) ... distribute ... a controlled substance ... (b) Penalties ... any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving-- ... (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of-- (II) cocaine ... after a prior conviction for a felony

Washington did not appeal.

The South Carolina District Court later denied Washington's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 as time barred. Washington appealed, but the Fourth Circuit Court of Appeals denied his motion for a certificate of appealability and dismissed his appeal.[8]

The South Carolina District Court then determined Washington was not eligible for a sentence reduction based upon Amendment 782 to the Sentencing Guidelines[9] because the statutory mandatory minimum under 21 U.S.C. § 841—not the Drug Quantity Table in the Sentencing Guidelines—dictated his sentence.[10]

In his § 2241 petition, Washington claims that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), the Court should remand his case back to South Carolina for resentencing because his prior conviction for possession of less than one gram of cocaine under Texas Health & Safety Code § 481.115(b) "could not serve as a predicate for enhancement

---

drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment …").

[8] *United States v. Washington*, No. 13-7674 (4th Cir. Mar. 5, 2014).

[9] *See United States v. Zavala-Garcia*, 671 F. App'x 242 (5th Cir. 2016) (explaining Amendment 782 lowered the penalties for most drug offenses by reducing offense levels in the Sentencing Guideline § 2D1.1 Drug Quantity Table by two levels).

[10] *See* U.S. SENTENCING GUIDELINES MANUAL §5G1.1(b) (U.S. SENTENCING COMM'N 2010) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

purposes."[11]

## APPLICABLE LAW

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[12] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[13] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[14]

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"[15] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[16] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[17]

---

[11] Mem. in Supp. 4, 8, ECF No. 1-2.

[12] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[13] 28 U.S.C. § 2241(c) (2012).

[14] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[15] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[16] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[17] *Pack*, 218 F.3d at 452.

Section 2255 does contain a "savings clause" which acts as a limited exception to these general rules. It provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a motion to vacate, set aside or correct sentence pursuant to § 2255 is inadequate to challenge a prisoner's detention.[18] However, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[19]

A petitioner must prove both prongs to successfully invoke the "savings clause."[20] Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate.[21]

With these principles in mind, the Court turns to Washington's claims.

## ANALYSIS

In his petition, Washington challenges the enhancement used to determine his sentence

---

[18] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[19] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[20] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[21] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

after he pleaded guilty to conspiracy to distribute five kilograms or more of cocaine. Washington claims that in light of *Mathis, Hinkle*, and *Tanksley*, the Court erred when it increased his punishment based on his prior state–court felony conviction for a violation of Texas Health & Safety Code § 481.115(b).[22] He asks the Court to remand his case back to the South Carolina District Court for resentencing without the enhancement.[23] Notably, Washington does not suggest he did not commit the federal offense. He also does not suggest he did not commit the state offense relied on by the South Carolina District Court to enhance his sentence.

In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii).[24] Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense.[25] The Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, not the actual offense, a court "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic

---

[22] Mem. in Supp. 4, 8.

[23] Pet'r's Pet. 8

[24] *Mathis*, 136 S. Ct. at 2247–57.

[25] *Id.* at 2257. *See also Taylor v. United States*, 495 U.S. 575, 599 (1990).

definition."[26] Accordingly, the Supreme Court concluded that if the elements of the state law crime were broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act.

In *Hinkle*, the Fifth Circuit held that a prior conviction for delivery of a controlled substance, in violation of Texas Health & Safety Code § 481.112(a),[27] could not "serve as a predicate offense under the Career Offender Guideline provision, which is [Sentencing Guideline] § 4B1.1."[28] The Court of Appeals reasoned that "[t]he 'delivery' element of Hinkle's crime of conviction criminalize[d] a 'greater swath of conduct than the elements of the relevant [Guidelines] offense.'"[29] The Fifth Circuit further explained that although the law of the Circuit previously permitted sentencing courts to use a "modified categorical approach"—and ascertain from state-court records whether the actual method of delivery constituted a controlled substance offense under the Sentencing Guidelines—"*Mathis* makes clear that sentencing courts may no longer do so."[30]

Finally, in *Tanksley*, the Fifth Circuit held that Texas Health & Safety Code "[s]ection

---

[26] *Mathis*, 136 S. Ct. at 2257.

[27] *See* Tex. Health & Safety Code Ann. § 481.112 (West) ("a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1").

[28] *Hinkle*, 832 F.3d at 576–77.

[29] *Id.* at 576 (quoting *Mathis*, 136 S. Ct. at 2251) (some alterations in original).

[30] *Id.* at 574–75.

481.112(a) is an indivisible statute to which the modified categorical approach does not apply" because it "'criminalizes a greater swath of conduct than the elements of the relevant [Guidelines] offense.'"[31] Thus, the offense of possession with the intent to deliver a controlled substance under § 481.112(a) did not qualify as a "controlled substance offense under the Sentencing Guidelines."[32]

Washington may proceed with an attack on the validity of his sentence in a § 2241 petition only if he can meet both prongs of the stringent test for the § 2255 "savings clause."[33] He "must establish that his claim (1) is based on a retroactively applicable Supreme Court decision which establishes that he might have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time of his trial, direct appeal, or first § 2255 motion."[34]

Washington was sentenced on May 16, 2011. *Mathis*—which the Supreme Court decided on June 23, 2016—did not announce a new rule made retroactively applicable to cases on collateral review.[35] In *Mathis*, the Supreme Court held that a modified categorical approach was not appropriate for indivisible statutes.[36] Thus, *Mathis* "provided helpful guidance for

---

[31] *Tanksley*, 848 F.3d at 352 (quoting *Mathis*, 136 S. Ct. at 2251).

[32] *Id.*

[33] *Kinder*, 222 F.3d at 212.

[34] *Strother v. Blackmon*, No. 16-60539, 2017 WL 2870993, at *1 (5th Cir. July 5, 2017).

[35] *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

[36] *Mathis*, 136 S. Ct. at 2257.

determining whether a predicate statute of conviction is divisible."[37] In *Mathis*, the Supreme Court explained that its decision was dictated by prior precedent and that it was *not* announcing a new rule.[38] Multiple courts have subsequently concluded that "*Mathis* did *not* set forth a new rule of constitutional law that has been made retroactive to cases on collateral review."[39]

In both *Hinkle* and *Tanksley*, the Fifth Circuit applied *Mathis* on direct appeal, not on collateral review.[40] Moreover, *Hinkle* and *Tanksley* addressed Texas Health & Safety Code § 481.112(a)—not Texas Health & Safety Code § 481.115(b)—and were not retroactively applicable Supreme Court decisions.

Furthermore, the first prong of the § 2255 "savings clause" test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[41] Washington has not alleged or shown that he "*was convicted of a nonexistent offense*," and his claim "has no effect on whether the facts of his case

---

[37] *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016).

[38] *Mathis*, 136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

[39] *Milan v. United States*, No. 3:16:CV-1850-D-BK, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017); *see also In re Lott*, 838 F.3d at 523 (denying authorization to file a successive § 2255 motion because defendant failed to make the requisite showing that *Mathis* created "new rules of constitutional law that have been made retroactive to cases on collateral review"); *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (concluding "*Mathis* did not announce a new rule."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (concluding *Mathis* did not announce a new rule that would allow a second or successive habeas petition).

[40] *Hinkle*, 832 F.3d at 574–77; *Tanksley*, 848 F.3d at 352.

[41] *Reyes-Requena*, 243 F.3d at 903.

would support his conviction for the substantive offense."[42]

Washington's claim challenging his sentence enhancement fails to satisfy the first prong of the § 2255 "savings clause" test. He may not proceed with an attack on the validity of his sentence through a § 2241 petition.

Finally, as the South Carolina District Court explained when it denied his § 2255 motion, it enhanced his sentence under 21 U.S.C. § 821 based on his prior conviction for a felony drug offense:

> ... Petitioner argues that § 851 cannot be used to enhance his sentence because his 1999 conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A). The Supreme Court has held that the exclusive definition of "felony drug offense" as it pertains to § 841(b)(1)(A) is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); see Burgess v. United States, 553 U.S. 124, 129-31 (2008). To determine if Petitioner's 1999 conviction is a felony drug offense, "the conviction itself" must serve as the "starting place." Carachuri–Rosendo v. Holder, 130 S. Ct. 2577, 2582 (2010). If Petitioner's 1999 conviction was a drug related crime for which Petitioner was subject to a potential sentence of greater than one year imprisonment, then his 1999 conviction is a felony drug offense. See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) ("Pursuant to [Unites States v.] Simmons, [649 F.3d 237 (4th Cir. 2011)(en banc)], in evaluating whether a defendant's prior state conviction qualifies as a felony ... , *the actual sentence imposed is irrelevant*; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of great than one year of imprisonment.") (emphasis added).
>
> Petitioner's 1999 conviction was for possession of cocaine of less than one gram and is considered a state jail felony pursuant to

---

[42] *Padilla*, 416 F.3d at 427 (emphasis added).

Texas Health & Safety Code § 481.115(b) (1994). In Texas, a state jail felony "shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35(a) (1994). Therefore, Petitioner's 1999 conviction is a felony drug offense because it is punishable by imprisonment for more than one year under Texas law. *See* 21 U.S.C. § 802(44). Because Petitioner's 1999 conviction is a felony drug offense, he is subject to a § 851 enhancement and a mandatory minimum sentence of two-hundred and forty (240) months. *Id.* § 841(b)(1)(A).[43]

The Court accordingly finds that Washington's claim does not meet the stringent requirements of the § 2255 "savings clause." The Court will not allow Washington to proceed under § 2241. To the extent that Washington's petition may be construed as a successive § 2255 motion, the Court further finds it lacks the jurisdiction to address his claim.[44]

## CONCLUSION AND ORDERS

As stated above, 28 U.S.C. §§ 2241 and 2255 do not provide authority for the Court to address Washington's claim. The Court will, therefore, dismiss his § 2241 petition as frivolous, and, to the extent his petition may be construed as a § 2255 motion, the Court will dismiss his motion for lack of jurisdiction.[45] The Court, therefore, enters the following orders:

**IT IS ORDERED** that Cedric Deon Washington's *pro se* "Petition for Writ of Habeas Corpus Under to 28 U.S.C. § 2241" (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT.**

---

[43] Order, Aug. 21, 2013, ECF No. 555, 2:09-CR-800-PMD-4 (D. S.C.).

[44] *Pack*, 218 F.3d at 452.

[45] *Ojo*, 106 F.3d at 683.

IT IS ALSO ORDERED that to the extent Cedric Deon Washington's § 2241 petition is construed as a successive § 2255 motion, he is denied a **CERTIFICATE OF APPEALABILITY**.[46]

IT IS FINALLY ORDERED that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this 22nd day of September, 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[46] See 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").